UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YURIY GANIYEV,

       Plaintiff,

vs.

PROGRESSIVE NORTHERN
INSURANCE COMPANY, et al.,

       Defendants.

Case No. 1:12-cv-21

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on Jan. 19, 2012[1] by filing a *pro se* complaint against Defendants Progressive Northern Insurance Company[2] ("Progressive Insurance"), and Patricia Niehaus ("Niehaus") for alleged discrimination in violation of Title VII, 42 U.S.C. 2000e-5(f)(1). (Doc. 3). This action is now before the Court on a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Niehaus. (Doc. 14). The motion is unopposed.[3]

**I. Background**

In October 2010, Plaintiff filed a Charge of discrimination with the EEOC, against her former employer, Progressive Insurance, and her former supervisor, Niehaus. Plaintiff alleges she was harassed and retaliated against due to her national origin during her

---

[1] Plaintiff filed a motion for leave to proceed in forma pauperis on Jan 11, 2012. (Doc. 1). The motion was granted on Jan 19, 2012 and the complaint filed the same day.

[2] Plaintiff improperly identified Progressive Northern Insurance company as "Progressive Insurance."

[3] Plaintiff failed to timely respond to the motion, and on May 8, 2012, the Court ordered Plaintiff to Show Cause, in writing and within 20 days, why the motion should not be granted. (Docs 15). The time deadline set forth in the Show Cause Order has expired without a responsive filing by Plaintiff.

employment. (*See* Doc. 3 at 2).

On Nov. 18, 2011, the EEOC issued a Right to Sue letter as it was unable to conclude that the information obtained sufficiently established any violation of the relevant statutes. *Id.* On Jan. 19, 2012, Plaintiff filed the instant action alleging claims of discrimination and retaliation pursuant to Title VII. *Id.* Plaintiff's complaint names Progressive Insurance, and Patricia Niehaus as Defendants. *Id* at 1.

Niehaus argues she cannot be held personally labile under Title VII and that the claims against her should be dismissed. (Doc. 14 at 1). The undersigned agrees, and for the reasons set forth below, recommends that Niehaus' motion to dismiss be granted.

### II. Analysis

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Defendant Niehaus' motion to dismiss is well-taken

Title VII claims brought against individual Defendants who do not qualify as employers should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon with relief can be granted. *See Wathen v. General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *see also Liggins v. State of Ohio*, 210 F.3d 372, 2000 WL 178420, **2 (6th Cir. 2000) (district court properly dismissed [plaintiff's] Title VII claims against the individual defendants because "the named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination").

Accordingly, the undersigned finds that Defendant Niehaus cannot be held individually liable under Title VII and the claims against her should be dismissed.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant Niehaus' motion to dismiss (Doc. 14) be **GRANTED,** and that she be dismissed from this action.

                                       *s/Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YURIY GANIYEV,

    Plaintiff,

vs.

PROGRESSIVE NORTHERN
INSURANCE COMPANY., *et al.*,

    Defendants.

Case No. 1:12-cv-21

Weber, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).